

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# Lewis v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1613

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lewis v. Williamson" (2008). *2008 Decisions.* Paper 1771.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1771

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**BLD-55**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1613

ELAN C. LEWIS,
                                                   Appellant

v.

TROY WILLIAMSON, Warden USP Lewisburg;
UNITED STATES OF AMERICA

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01832)
District Judge: Honorable Thomas I. Vanaskie

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
November 16, 2007

Before:  McKEE, RENDELL and SMITH, Circuit Judges

(Opinion Filed: January 10, 2008)

OPINION

PER CURIAM

        Elan C. Lewis appeals from an order of the United States District Court for the

Middle District of Pennsylvania denying his petition filed pursuant to 28 U.S.C. § 2241.

We will grant the appellee's motion to summarily affirm.

Lewis, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, was convicted of drug trafficking and related charges in the United States District Court for the Eastern District of Virginia; he was sentenced to life imprisonment. He then unsuccessfully challenged his conviction and sentence on direct appeal and in a motion to vacate under 28 U.S.C. § 2255. In July 2000, Lewis filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. He alleged that his convictions under 21 U.S.C. § 841(b)(1) violated the dictates of Apprendi v. New Jersey, 530 U.S. 466 (2000), in that the jury made no finding of a specific amount of cocaine base. The District Court dismissed the § 2241 petition and this Court affirmed, concluding that § 2255 was not inadequate or ineffective for Lewis to raise his Apprendi claims. See Lewis v. Romine, C.A. No. 01-4058 (3d Cir. Nov. 21, 2003) (citing Okereke v. United States, 307 F.3d 117, 120-121 (3d Cir. 2002)).

In September 2006, Lewis filed another § 2241 petition alleging that the trial court "lacked jurisdiction to impose a mandatory sentence." Lewis stressed that he was basing his claim on United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005), rather than Apprendi. In Gonzalez, the Second Circuit ruled that "[t]he drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury or admitted by a defendant to support any conviction on an aggravated drug offense, not simply those resulting in sentences that exceed the maximum otherwise applicable."

Of course, we are not bound by the Second Circuit's decision in Gonzalez. In addition, a habeas petitioner can seek relief under § 2241 only if the remedy provided by

2

§ 2255 is "inadequate or ineffective to test the legality of [the] detention." See 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner can not meet the stringent gate keeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that Lewis has not demonstrated such a limitation in § 2255's scope or procedure here. As this Court noted in Okereke, Apprendi dealt with sentencing, and did not render drug convictions non-criminal. Id. Similarly, because Lewis' claim under Gonzalez does not render his offense of conviction non-criminal, it does not fall within the "inadequate or ineffective" safety valve of § 2255. Therefore, the District Court properly dismissed the petition.

Accordingly, as there is no substantial question presented by this appeal, we will grant the appellee's motion to summarily affirm.[1] Third Circuit LAR 27.4; Third Circuit I.O.P. 10.6.

---

[1] Lewis' motion to reopen his appeal and his motion to proceed in forma pauperis are granted.